## MITCHELL v STATE OF FLORIDA

## Case No. 88-81 (Appeal) (County Court Case Nos. TO88-57216; 57217)

Ninth Judicial Circuit, Orange County

May 31, 1989

### APPEARANCES OF COUNSEL

**John D. Bang,** for appellant.

**Simone I. Rosenberg,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

RICHARD F. CONRAD, Circuit Judge.

Oral argument is dispensed with on the Court's own motion pursuant to Fla.R.App.Pro. 9.320.

The State seeks reversal of the lower Court's Order Granting Defendant's Motion to Dismiss pursuant to Fla.R.Crim.P. 3.190(c)(4). Review of the Defendant's Motion to Dismiss demonstrates and contends that none of the State's five witnesses, including the investigating police officer, can testify that the Defendant was driving or in

actual physical control of the vehicle. Nowhere in the motion does the Defendant specifically state that he was not the driver of the vehicle. However, attached to the motion is a sworn affidavit by the Defendant indicating that he was not the driver of the vehicle involved in the accident. The State filed a traverse denying it is unable to prove the Defendant was the operator of the vehicle.

The purpose of a dismissal under Rule 3.190(c)(4) is to eliminate only those cases in which the undisputed facts do not establish or determine its credibility. Further, the Court views all inferences against the Defendant and in a light most favorable to the State for this purpose. Although deposition testimony, affidavits and other supporting documents may be attached to the motion, appellate courts have specifically held that the facts contained in these documents must also be specifically alleged and sworn to in the motion itself. *State v Shull,* 390 So.2d 1233 (Fla. 5th DCA 1980).

The State in its traverse has specifically denied that it would be unable to prove that the Defendant was the operator of the vehicle at issue.

Therefore, this case is REVERSED and remanded to the trial court for further proceedings.

REVERSED AND REMANDED.